UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

CHARLES JUDSON HOLBROOK,

   Plaintiff,

            Case No. 1:21-cv-543

v.

            Hon. Hala Y. Jarbou

UNKNOWN PART(Y)(IES),

   Defendant(s).
_____/

## **OPINION**

   This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because it is frivolous.

**Discussion**

I. **Factual allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan. Plaintiff sues Unknown Part(y)(ies).[1]

Plaintiff's complaint is virtually devoid of factual allegations, much less allegations of unlawful conduct by an unspecified defendant. In the caption of the complaint, Plaintiff writes "New Case." (Compl., ECF No. 1, PageID.1.) However, he provides no substance describing the facts of his new case and instead appears to grumble about the failures of his previous litigation.

Plaintiff's request for relief is not altogether clear. To the extent that he states anything resembling a request for relief, he appears to request $1,200 in damages.

II. **Frivolity**

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brown v. Bargery*, 207 F.3d 863, 866 (2000); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzk*e, 490 U.S. at 327–28; *Lawler*, 898 F.2d at 1199. An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

---

[1] Plaintiff fails to list any party—Plaintiff or Defendant—in his complaint. In a later letter to the Clerk, Plaintiff asks that the Court refer to the case as *Holbrook v. State of Michigan*. (ECF No. 3.) However, he does not state that he intends to name the State of Michigan as a defendant, nor does he offer any explanation for his request beyond his assertion that he is a state prisoner.

In this case, the Court is completely unable to discern a claim from the allegations contained in Plaintiff's complaint. While the complaint itself is generally legible, the words often do not form coherent sentences, nor do they convey clear thoughts. Because the Court is unable to decipher Plaintiff's rigmarole, his complaint necessarily lacks an arguable basis either in law or fact. *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker Int'l/Parker Tobacco Co.*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990). Moreover, Plaintiff's rambling and incoherent allegations violate the short and plain statement requirement of Fed. R. Civ. P. 8. Even giving the most liberal construction to Plaintiff's complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is unable to find that a cause of action has been alleged, much less against whom.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed under 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c), because it is frivolous. The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   August 3, 2021                              /s/ Hala Y. Jarbou
                                                     HALA Y. JARBOU
                                                     UNITED STATES DISTRICT JUDGE